ANTOIN BRAUNS, Plaintiff in Error, v. DAVID E. STEARNS, Defendant in Error.

*Error to Jackson.*

A suit was brought to recover the value of a certain number of grape roots in the possession of the defendant, a nurseryman. The plaintiff, to support his title, offered in evidence a deed, which recited, in the body of the instrument, the defendant, A., as the maker, but executed by B.—*Held,* 1. That the deed was properly rejected as incurably ambiguous. 2. That in cases of patent ambiguity, parol testimony could be admitted only to explain technical terms, or fix a meaning to words whose import was not apparent to the court. 3. That after the calling of a cause for trial, a motion to amend a pleading is addressed to the sound discretion of the court, and upon the ruling of the court no error lies.

THE plaintiff brought suit against the defendant, a nurseryman, to recover the value of 2,880 grape roots, which the plaintiff alleged the defendant withheld from him. The plaintiff claimed title to the roots under a deed from one A. September, which deed is in the following words :

" Know all men by these presents, that I, D. E. Stearns, for and in consideration of the sum of three hundred dollars, to me in hand paid by Antoin Brauns, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do bargain and sell unto the said Antoin Brauns, seven thousand grape vines, on said Stearns' place or farm, at Robin's Nest, in Jackson County, Oregon.

" Witness whereof, I have hereunto set my hand and seal this 10th day of May, A. D. 1860.

" A. September. [seal.]

" Attest,—Henry Baker."

*Dowell & Kelly*, for plaintiff.

*G. H. Williams*, for defendant. ·

Stratton, J.   Upon the trial, plaintiff, to prove his title to the grape roots and right to their possession, offered this instrument in evidence, which was rejected by the court, on the ground of incurable ambiguity ; to which ruling exception. was taken.   Upon this the *first* error is assigned.

This evidence being excluded from the jury, the plaintiff asked leave to amend his complaint by striking out the word " deed," for the purpose of letting in parol testimony of this contract.   The motion was not granted ; and this is the ground of the *second* assignment of error.

As to the first point, it is said that the court should have applied the maxim, " *Falsa demonstratio non nocet*" to this deed ; that the recital of the name of D. E. Stearns, in the body of the instrument, might and ought to have been rejected in its interpretation as surplusage.   The general rule, that parol testimony is not to be admitted to contradict, utter, or vary a written instrument, deliberately committed to writing by the parties, is well understood ; but it unfortunately happens too often, that the sharpest intellects and most skillful draughtsmen make use of language which fails to convey the meaning intended, or conveys too much to make the instru-

ment speak a sensible language upon its face ; or, being perfectly intelligible in itself, some extraneous proof is necessary to apply the terms of the instrument to the subject-matter upon which it is intended to operate.   In the one case, the difficulty is inherent and apparent upon inspection ; in the other, it can only be known by showing some extrinsic fact, or existing state of things beyond the body of the instrument itself.

For the sake of convenience, uniformity and certainty, as well as a just administration of the law, text writers have denominated the first a patent ambiguity, and the second a latent ambiguity.   Lord Bacon long since laid down the rule, " that *ambiguitas patens* is never holpen by averment ; and the reason is, because the law will not couple and mingle matter of specialty, which is of the higher account, with matter of averment, which is of inferior account in law, &c. ; but if it be *ambiguitas latens,* then otherwise it is." (1*st Greenleaf's Ev. sec.* 297.)   In other words, the general rule seems to be, that, for an apparent ambiguity or uncertainty upon the face of the instrument, no proof can be admitted, if it be perfectly consistent in itself ; but if there is difficulty in applying its terms to the subject-matter, with reference to which those terms or stipulations were made, then parol evidence is admitted.   The reason of the rule is perfectly clear : the object of the law is to carry into effect the intention of the parties, as expressed through the medium of language, which they have, more or less, solemnly and deliberately committed to writing.   Now, let it be supposed that this apparent ambiguity, inherent in the words themselves, is perfectly inconsistent and unintelligible, and are, moreover, incapable of being explained and made intelligible by any of the rules of interpretation known to the law, the effect of admitting vague and uncertain testimony of the *intention* of the parties, would be to substitute a contract, or create terms or stipulations, in reference to the subject-matter of the instrument, entirely independent of the particular expressions which the party or parties thought fit to use.

Suppose, again, that the words are intelligible, but capable, upon their face, of two constructions, and parol testimony is admitted to settle which meaning shall be taken, is it not clear that it is the testimony admitted which produces the effect, and not the language of the instrument? There is one instance where such testimony is admitted, sometimes mentioned as an exception, but which, in fact, is not. Where expressions or technical terms are used in an instrument, unintelligible to the common reader, yet susceptible of a definite interpretation by experts, then explanation is admitted, for the purpose of effectuating the intention of the party, through the medium of his own language. (*Attorney-General* v. *Clapham*, 31 *E. L. & E. R.* 164; 1*st Greenleaf's Ev.* 298–9; 2 *Starkie's Ev.* 756.)

The deed offered in evidence on the trial below, and rejected by the court, is an unquestioned example of patent ambiguity; and, if the principle above stated be correct, could be interpreted only in two ways: *first*, by the interpretation of words unintelligible to the court, but capable of interpretation by an expert. This cannot apply, for the reason that there is no such word in the instrument; but, *secondly*, by rejecting some portion of the language as surplusage, on the principle of the maxim, " *Falsa demonstratio non nocet cum de corpore constat.*" Can a word of this deed be stricken out, and leave it a sensible instrument? If the name of D. E. Stearns is stricken out, the word " said" must also be excluded, and then the initials of Stearns must be inserted in another place, and also a pronoun must be substituted. But, as a matter of fact, there is not a surplus word in the body of the deed; not a recital, that is not so connected with the name of D. E. Stearns, that to strike out one is to destroy the deed altogether. It is the name of A. September that creates the first and only ambiguity. If there is to be an elimination, the line is to be drawn between the whole body of the deed and the signature; and the court would be as much warranted in striking out one as the other; in the one case, there would be the parties and subject-matter perfectly described, but no

ratification; in the other, a name, and nothing else; either way, certainly no deed. But it will be found generally, if not in every case, that the rule has been applied to the *subject*, either person, or thing, upon which the instrument was to take effect, and not to one, who is a party to the writing, or recited as such. Upon an examination of the decided cases, we have found no one going the length for which plaintiff's counsel contends. *Secondly.* Did the court err in over-ruling the motion to strike out the word "deed" in this complaint, so as to prove a contract by parol? There is a short answer to this question. The motion was made at a time in the trial of this cause when it was in the discretion of the court to allow the amendment or not, and from the exercise of that discretion no error lies. The third error was assigned upon the rejection of the testimony of A. Hartz, as to the contract generally between the plaintiff and A. September. The witness stated, that all the contract he knew of was by him reduced to writing at the time; it being the deed excluded from the jury by the court. The amendment being refused, the rejection of this evidence was, as a matter of course, upon the principle that when parties have reduced their contract to writing, it must be proved, by the writing, when it can be produced.

Judgment affirmed.